ENGLAND, Justice
(dissenting).
Duncan Cochran was convicted of second-degree escape after he had failed to report to Officer Ethel Whitt as a part of a “Supervised Intensive Restitution Contract and Prediscretionary Leave Program.” The program permits provisional release of inmates who are within six months of the end of their sentences or of their parole dates. See Ala.Code 1975, § 15-18-110 et seq., particularly § 15-18-112. Cochran signed an SIR-release contract in which he acknowledged: “I understand that my willful failure to return to my place of residence as specified will be considered an escape from confinement and is punishable as provided by law.”
Although Officer Whitt testified that she contacted Cochran’s sister on two occasions and told her Cochran needed to report to Officer Whitt, the facts do not suggest that Cochran failed to “return to [his] place of residence as specified.” It appears that Officer Whitt assumed that Cochran was not at the residence he shared with his sister, because he did not report to Officer Whitt. The record does not indicate that Officer Whitt had checked to see if Cochran was actually away from the residence. The facts of this case do not show an escape, and they are not contemplated by Ala.Code 1975, §§ 13A-10-32 and 15-18-121.
Section. 15-18-112 authorizes the Department of Corrections to create supervised-release programs, such as the one in which Cochran was participating. Section 15-18-121 provides: “The willful failure of an inmate to remain within the extended limits of the inmate’s confinement, or to willfully return within the time prescribed to the place of confinement designated by the commissioner or his agent, shall be deemed as an escape from the custody of a penal facility and shall be punishable as prescribed by law.” There is a difference between failing “to remain within the extended limits of [his] confinement,” as provided in the statute, and failing to meet Officer Whitt once a week as Cochran had been instructed to do. The State offered no evidence indicating that Cochran was not physically present at his residence. Cochran could have been at his sister’s residence at all times material and simply failed or refused to report to Officer Whitt or to return her telephone calls. This failure or refusal to report would certainly justify revoking Cochran’s release and returning him to the penitentiary to complete his sentence. It should not be the basis of a separate escape charge. Cochran’s failure to report to Officer Whitt does- not amount to “escape” as contemplated by §§ 13A-10-32 (the statute defining second-degree escape) and 15-18-121. Therefore, I would grant the writ.